IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LORI MEIDINGER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STARSTONE SPECIALTY INSURANCE COMPANY, STARSTONE U.S. INTERMEDIARIES, INC., CORE SPECIALTY INSURANCE HOLDINGS, INC., and JOHN DOES 1-5,<br><br>　　　　　　Defendants. | CV 22-45-GF-BMM<br><br><br><br>ORDER |

## INTRODUCTION

Defendants StarStone Specialty Insurance Company, Core Specialty Insurance Services, Inc., fka StarStone U.S. Intermediaries, Inc., and Core Specialty Insurance Holdings, Inc. ("StarStone Defendants") have filed a Motion to Transfer Venue to the Billings Division of the District of Montana. (Doc. 8.) Plaintiff Lori Meidinger ("Meidinger") opposes this motion. (Doc. 12.) The Court conducted a hearing on this motion on October 13, 2022. (Doc. 20.)

1

## FACTUAL AND LEGAL BACKGROUND

Meidinger filed this insurance bad faith action in the Great Falls Division on May 16, 2022. (Doc. 3.) Meidinger alleges that StarStone Defendants mishandled her insurance claims arising from a third-party legal malpractice action. Meidinger's claims against StarStone Defendants include violations of Montana's Unfair Trade Practices Act ("UTPA"), common-law bad faith, and intentional and negligent infliction of emotional distress. (*Id.* at 12–15.)

Meidinger allegedly sustained serious injuries in 2015 due to the negligence of Uptown Cowboy and Bucking Horse Sale, Inc. ("BHS"), an annual rodeo stock auction in Miles City. (*Id.* at 3.) Meidinger retained attorney Donald Sommerfeld ("Sommerfeld") to bring a negligence action against Uptown Cowboy and BHS. (*Id.* at 4.) Sommerfeld negligently failed to file Meidinger's tort action until after the expiration of the applicable three-year statute of limitations. (*Id.*) Sommerfeld admitted liability. (*Id.* at 4, 7.) Meidinger brought an underlying legal malpractice action against Sommerfeld and his firm on approximately September 14, 2020. (*Id.* at 4.) StarStone Defendants, Sommerfeld's professional liability insurers, denied liability and refused to pay Meidinger's claim against Sommerfeld. (*Id.* at 5–9.)

Meidinger resides in Custer County, Montana. (*Id.* at 2.) The conduct giving rise to Meidinger's initial tort claim occurred in Custer County. Sommerfeld's law office and legal practice are in Yellowstone County. The alleged legal malpractice

took place in Yellowstone County. StarStone Defendants are out-of-state corporations with principal places of business outside of Montana. (*Id.* at 3.) StarStone Defendants' registered agent is located in Missoula County. (*Id.* at 2–3.)

StarStone Defendants now seek to transfer the action to the Billings Division pursuant to 28 U.S.C. § 1404(a).

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The moving party bears the burden of showing that the proposed transferee court constitutes a more appropriate forum. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). A district court possesses discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Section 1404(a) requires a two-step analysis. At step one, a court must determine whether the action might have been brought in the requested venue. *See Hillerich & Bradsby Co. v. ACE Am. Ins. Co.*, No. CV 11-75-H-DWM, 2012 WL 2359488, at *1 (D. Mont. June 20, 2012). At step two, a court evaluates whether a

change of venue would serve the interests of justice and be more convenient for the parties. Courts look to the following non-exhaustive factors:

>(1) location of relevant agreements' negotiation and execution;
>(2) forum most familiar with the governing law;
>(3) plaintiff's choice of forum;
>(4) parties' contacts;
>(5) contacts relating to the plaintiff's cause of action in their chosen forum;
>(6) litigation costs;
>(7) ability to compel non-party witnesses to testify;
>(8) ease of access to sources of proof; and
>(9) relevant public policy.

*Jones*, 211 F.3d at 498–99.

## DISCUSSION

For federal question cases, venue properly lies in any district in which a defendant resides. 28 U.S.C. § 139l(b)(l). Local Rule 3.2(b) ("L.R. 3.2(b)") concerns the proper *divisional* venue within the state-wide District of Montana. L.R. 3.2(b) provides that "venue is proper in any division of the court containing the county of proper venue under the laws of the State of Montana." *Id.* The applicable state-law venue provision for tort actions against out-of-state corporate defendants specifies that venue properly lies in any of the following three forums: "(a) the county in which the tort was committed; (b) the county in which the plaintiff resides; or (c) the county in which the corporation's resident agent is located[.]" Mont. Code Ann. § 25-2-122(2).

4

The parties do not dispute that the District of Montana represents the proper federal district-level venue. (Doc. 9 at 4; Doc. 12 at 3.) The parties disagree, however, about the proper divisional venue. StarStone Defendants move to transfer the case to the Billings Division. (Doc. 8.) StarStone Defendants argue that the Billings Division, rather than the Great Falls Division, constitutes the proper venue. (Doc. 9 at 9–10.) Meidinger counters that venue proves proper in the Great Falls Division and that the Court should defer to her choice of forum. (Doc. 12 at 2–3.) Meidinger also requests, in the alternative, that the Court transfer the action to the Missoula Division should transfer prove appropriate. (*Id.* at 4.)

1. **<u>Whether state law requires transfer.</u>**

Montana law mandates transfer in some circumstances. Mont. Code Ann. § 25-2-201 requires courts to change venue upon a defendant's motion if a plaintiff failed to bring their action in a proper venue. A court "must, on motion," change venue "when the county designated in the complaint is not the proper county[.]" *Id.*

Meidinger brought this action in the Great Falls Division. Meidinger argues that the Great Falls Division proves proper because Montana comprises one federal judicial district. (Doc. 12 at 3.) Meidinger ignores L.R. 3.2(b), which refers to state law to determine the appropriate divisional venue for an action. Mont. Code Ann. § 25-2-122(2) is the applicable venue provision in this action. As discussed above, Mont. Code Ann. § 25-2-122(2) provides plaintiffs three venue options for tort

claims against out-of-state defendants: "(a) the county in which the tort was committed; (b) the county in which the plaintiff resides; or (c) the county in which the corporation's resident agent is located[.]" *Id.*

The parties do not dispute that StarStone Defendants are out-of-state corporations with a registered agent in Missoula County, that Meidinger resides in Custer County, or that her underlying tort action accrued in Yellowstone County and/or Custer County. (Doc. 3 at 2–4; Doc. 9 at 2–3.) Custer, Yellowstone, and Missoula counties constitute proper venues under Mont. Code Ann. § 25-2-122(2). The Billings and Missoula Divisions embrace these counties, and, therefore, represent the only proper divisional venues for this action under L.R. 3.2(b).

Meidinger's choice of an improper forum requires the Court to grant StarStone Defendants' motion to transfer the action. Mont. Code Ann. § 25-2-201. Having determined that state law requires transfer, the Court moves on to the §1404 (a) transfer analysis to evaluate which proper divisional venue proves most appropriate.

2. **<u>Whether Billings Division represents an appropriate forum.</u>**

At step one of the § 1404(a) transfer analysis, a court must decide whether the proposed transferee court constitutes an appropriate forum. *Hillerich*, 2012 WL 2359488, at *1. The Billings Division constitutes a proper divisional venue because it embraces Yellowstone and Custer counties. Either county represents a

proper venue under state law. Mont. Code Ann. § 25-2-122(2); L.R. 3.2(b). Meidinger does not contest that venue would be proper in Billings. (Doc. 12.)

3. **<u>Whether transfer to the Billings Division would serve the interests of justice and be more convenient for the parties and witnesses.</u>**

At step two of the § 1404(a) transfer analysis, a court must exercise its discretion in assessing whether a change of venue would serve the interests of justice and be more convenient for the parties.

**A. Meidinger's Choice of Forum.**

Meidinger cites *Haug v. Burlington Northern Railroad*, 770 P.2d 517, 520 (Mont. 1989), to argue that her choice of forum should be afforded deference. (Doc. 12 at 2–3.) *Haug* concerned consolidated damages actions brought by two former employees against an out-of-state railroad. 770 P.2d at 518. The Montana Supreme Court denied the railroad's motion to transfer because the plaintiffs had selected one of multiple proper counties under the applicable state venue provision. *Id.* at 519. *Haug* proves inapposite. *Id.* Unlike the plaintiffs in *Haug*, Meidinger brought her action in an improper forum rather than in one of multiple proper forums. *Id.*

Meidinger additionally argues that the Court should transfer the action to the Missoula Division rather than the Billings Division. (Doc. 12 at 3–4.) Meidinger offers no explanation of her preference for Missoula over Billings, apart from the presence of StarStone Defendants' registered agent in Missoula. (*Id.* at 3.)

7

StarStone Defendants argue that Meidinger waived her right to choose a venue because she neglected to file her action in either of the two proper venues. (Doc. 12 at 6–7 (citing *Seifert v. Gehle*, 323 P.2d 269, 270 (Mont. 1958)).)

*Seifert* concerned a tort action against a Flathead County defendant arising from a hunting accident that took place in Lincoln County. 323 P.2d at 269. The applicable state venue rule in *Siefert* provided that a plaintiff could bring their action in either the county in which the defendant resided or where the tort occurred. *Id.* at 270. The plaintiff in *Seifert* filed suit in Lake County instead of in Flathead or Lincoln counties. *Id.* at 269. The Montana Supreme Court concluded that the "plaintiff had waived his right to have [the action] tried in one of the proper counties" because he had brought his claim in an improper forum. *Id.* at 270.

The Court agrees with StarStone Defendants that Meidinger has waived her right to select a new venue for transfer. As with the plaintiff in *Seifert*, Meidinger chose to bring her action in an improper forum. *Id.* at 269–70. StarStone Defendants further assert that their preferred venue should control. (Doc. 13 at 7 (citing *Tassie v. Cont'l Oil Co.*, 228 F. Supp. 807, 809 (D. Mont. 1964) (quoting *Seifert*, 323 P.2d at 270)).) In light of the Court's decision to transfer the case to the Billings Division based upon its evaluation of the *Jones* factors, the Court

8

declines to determine whether StarStone Defendants are entitled to elect the transferee venue. 211 F.3d at 498–99.

### B. Parties' Contacts, Litigation Costs, Witnesses, and Sources of Proof.

The following *Jones* factors prove most relevant to determining which of the possible transferee venues proves most appropriate: the parties' contacts, litigation costs, the ability to compel non-party witnesses to testify, and the ease of access to sources of proof. 211 F.3d at 498–99. Each factor weighs in favor of transfer to the Billings Division rather than the Missoula Division.

All of the events giving rise to Meidinger's claim took place in the Billings Division. (Doc. 3 at 5–14.) Counsel for both parties are located in the Billings Division. (Doc. 13 at 8.) All or nearly all witnesses are located in the Billings Division or outside of the state. (*Id.*) Transfer to the Missoula Division would require all Billings Division-based witnesses and counsel to travel nearly 350 miles for all court appearances. (*Id.*) Litigating this case in Billings rather than in Missoula would prove less costly and more efficient for both parties and witnesses. Weighed together, the *Jones* factors confirm that this action belongs in the Billings Division. 211 F.3d at 498–99.

### CONCLUSION

Billings constitutes the most proper divisional venue in this case. Transfer to the Billings Division comports with L.R. 3.2(b) and Mont. Code Ann. §§ 25-2-

9

122(2), 25-2-201(1). Transfer also serves the interests of justice and the convenience of the parties and witnesses. 28 U.S.C. § 1404(a); *Jones*, 211 F.3d at 498–99.

## ORDER

Accordingly, **IT IS ORDERED** that StarStone Defendants' Motion to Transfer Venue (Doc. 8) is **GRANTED.** The Clerk of Court is directed to **TRANSFER** the matter to the **BILLINGS DIVISION** pursuant to L.R. 3.2(b) and Standing Order No. BMM-14 at 3.

DATED this 20th day of October, 2022.

_____
Brian Morris
United States District Court Judge